Our first case today is 2017-1058, Butts v. Wilkie. Ms. Tantum? Tatum? Tantum? I'll just say it. Tantum. Thank you, Your Honor. Please proceed. May it please the Court, the Veterans Court erroneously interpreted the Equal Access to position in the Butts v. Johnson cases not substantially justified at the administrative level. The Veterans Court erred in applying a legal standard regarding precedent when it concluded that an agency is not substantially justified when it complies with the law confirmed by the Veterans Court's en banc decision. In fact, the Board must comply with precedent, and a reasonable person at the time would have considered it reasonable for the Board to comply with the Veterans Court's Johnson 1 precedent. In this Court's decision in DGR Associates, the Court noted that an agency has to follow regulations applicable to it prior to any conclusion about whether those regulations are improperly or incorrectly . . . So what do we do about the Patrick opinion, which says the fact that the Veterans Court had previously upheld the VA's erroneous interpretation does not resolve the substantial justification inquiry? So I guess the idea I take from that opinion is compliance with CAVC precedent without more isn't enough to automatically prove substantial justification. Is that a fair understanding? I believe that's what the Veterans Court stated, although this . . . Well, is that a fair understanding of Patrick, the quoted language I gave from Patrick? Yes, I believe so, Your Honor. Patrick, as we've noted, contains dicta related to whether a statute, an agency's interpretation of a statute that is later determined to be . . . Well, the Court in . . . What would you say about that? Is that a yes or is that a no? It's a . . . it alone can be sufficient. And that's what the Court . . . But it alone isn't necessarily sufficient. Not necessarily sufficient. The Court can consider the totality of the circumstances. However, in the Court's several decisions, the Court concluded that reliance on precedent        of a statute that is later determined to be . . . It's a very important factor, right? It is a very important factor.  It's a very important factor, right? It is a very important factor. And the opinion below mentions that. Yes, Your Honor. And this Court in several decisions, I believe including White, concluded that compliance with precedent and the state of the law at the time alone can be sufficient to find substantial justification. In this case, it's not simply that there was precedent. There was a requirement that the Board follow the conclusions in Johnson 1 that the status quo and the VA's treatment of 38 CFR 3.3.3.321B1 was correct. The Veterans Court in Butts has, in essence, reached a conclusion that precedent and reliance and compliance with precedent is not a factor that can be part of the substantial justification analysis when there is a dissent. And that's despite the fact that this Court has certainly explained that a dissent doesn't make a decision any less binding. What if there's a different way of reading the majority opinion below, which is that, number one, the fact that there was CAVC controlling the precedent at the time isn't good enough necessarily to prove substantial justification? It can be. It's an important factor. But the opinion below went on and said it's not necessarily a controlling thing, yet there's a totality of circumstances, and it needs to look at that. And then, in addition, it said the plain language of the regulation is clear, and that's not just us saying it. The Federal Circuit said that, and Johnson, too. And so, therefore, under a totality of circumstances, we conclude that it wasn't substantially justified. What would be the error there? The error is that underlying the Veterans Court's conclusion about precedent is a conclusion about what can be precedent and what can be the state of the law at the time. It's undermined by a conclusion that, in fact, when there is a dissent, it isn't a precedential decision. It's also undermined by the explanation that if the Secretary could have sought a stay in a separate case with Johnson of Johnson's application to board cases while Johnson was on appeal to this Court, that that also undermines the reasonableness at the time of the board's decision to follow the status quo. To avoid an award of fees in the EJIA case, the Secretary would have had to have already moved for a stay in a separate case, and EJIA has defined the government position as an action of failure act by the agency upon which the civil action was based. In this case, the board decision is unrelated to the Johnson actions before the board. Another instance of something that wasn't considered by the Veterans Court is the fact that there was an OGC opinion that was binding on the board. It's cited in the Thune case, and 38 U.S.C. 7104C makes that OGC opinion binding on the board at the time it issued the Butts decision and also in the Johnson case as well. The Veterans Court hasn't factored in the language of the adjudication procedures manual, the M21, that also referred to an individual disability. The manual and Thune, neither of them expressly exclude the possibility of a combination of disabilities. It talks about singular disabilities, but it's silent as to combining multiple disabilities of a veteran. Is that fair to say? That's true. There is no specific discussion of a collective analysis. However, the discussion of the analysis that should be done refers to considering the symptomology of the disability and considering whether the rating is adequate. So it's explaining in both Thune and in the OGC opinion and the M21 that the practice that must be followed is one that could not be followed if a collective review of symptoms is performed. And again, the state of the law that the Veterans Court considered was based on a concurrence. Once again, the concurrence does not in some way take away the impact of the Thune decision and in Butts, the Johnson 1 decision. In fact, in Johnson, the Veterans Court has in fact stated that the fact that there was an issue of first impression makes the Secretary's position unreasonable, when in fact the courts have all explained that it's the opposite, the fact that it's an issue of first impression faced by the government makes the position reasonable when they have no precedent to explain that their position is incorrect. A case of first impression, the government's interpretation is always going to be reasonable? It's more likely that it's a reasonable position. Not if it's contrary to the plain language. Not if they say green means red or stop means go. Even if it was a first impression issue, that wouldn't be reasonable, right? In DGR, the court noted that the interpretation of a regulation and even plain language, even when the interpretation is found to be contrary to plain language, a reasonable person at the time could have found it to be a substantially justified position. That was in DGR? Yes, Your Honor. But the Veterans Court here had a different rule in front of it, came to a different conclusion. Another difference is that this case didn't involve a statute and an interpretation of statute, instead it dealt with the interpretation of a regulation. At the time of the board's decision, a reasonable person would have thought that the board, especially considering the Veterans Court had affirmed its conclusion and deference supported the Secretary's determination regarding the meaning of its own regulation. Again, the stay is a problem because the Secretary is not going to be able to know whether in a case where the... I'm sorry, Your Honor, I've actually run into my rebuttal time. If you'd like to save it, that's fine. Yes, Your Honor. Okay, let's hear from opposing counsel. I think Mr. Stoltz is first. So you've got 15 minutes on the clock. You're to use eight. It's your responsibility to ensure his time. You go over, you're eating into his time so you understand. Yes, Your Honor. Good morning, and may it please the Court. The Secretary's entire presentation and the totality of their briefing, in all of that, the Secretary asks this court to apply law to facts. The Veterans Court applied the correct totality of the circumstances standard. I think one of their main arguments is that the court below had this narrow singular focus on what this court said in Johnson 2 and then applied that in an exposed way using hindsight to understand the regulation, and that's the wrong time frame to be considering this issue. And in addition to that, the court didn't actually use the totality of the circumstances test, even though it gave blip service to that. So there's two different legal errors right there that it's articulating. It isn't just arguing an application of law to facts. So why don't you answer those two legal arguments? That's not what the Veterans Court did, Your Honor. That legal argument carries no water today because the Veterans Court did not just simply look at Johnson 2 to reach its decision in Mr. Butts' case. They looked at the underlying joint motion for remand. They looked at whether there should be a stay. They did, in fact, talk about in a footnote at Appendix 11 the fact that the Secretary has misinterpreted the regulation and indeed flouted the plain language of the regulation since 1930. The government uses that. I believe they think that that is a strength that the Department of Veterans Affairs and that the Secretary was not following the plain language of the regulation, but in fact it is not. They were always wrong. Your Honor's hypothetical about red being green and stop being go is precisely what happened here. Their interpretation of the regulation was clearly, and in fact this Court noted, was illogical. So the government could not be substantially justified. And to Your Honor's question, it's not the only thing that the Court looked at. They wrote about, I think one dissent talked about five factors that it acknowledged that the majority went through and they went through more than just what the Secretary is saying they did. And so at the end of the day, they did in fact run through a checklist of totality of circumstances. At the end of the day, it is a judgment call, as this Court and the Supreme Court has recognized. And so it is an application of a lot of fact. Your Honor's point about Patrick controlling as well, the Veterans Court did in fact run through the entire totality of circumstances test, but one major factor, as was pointed out in Patrick, is that the plain language controlled the entire time period. So the government will have a hard time proving that it was substantially justified. In fact, the joint motion for remand at issue in Mr. Butts' case acknowledged that there was administrative error because it acknowledged that the Secretary did not properly comply with section 3.321. There is a citation to Johnson 2 in that joint motion for remand, but the language of the remand concedes the error, which the Veterans Court, to Judge Chen's question again, was another factor. So the Veterans Court did not just isolate a time period and did not just rely upon Johnson 2, it relied upon the plain language of the joint motion for remand at issue in Mr. Butts' case. Again, they applied the totality of circumstances test and the Secretary doesn't like the way it came out with the five judges of the Veterans Court in their decision, but the Secretary not liking how it came out is not enough for reversal. Is there any disagreement about the amount of the fees here? What is the amount? The amount of the fees is, there is no disagreement about the amount of the fees that were awarded by the Veterans Court. I don't have the exact figure, but they did knock some off, but there's no dispute as to the final tally of what the Veterans Court did. $3,000. Yeah, $3,500 I think at the end. So there's no dispute about the amount. Anything further? Thank you. Okay. Mr. Carpenter, is there anything you'd like to add? A single point that is really more of a reinforcement of the point made by my colleague, and that is in relationship to the basis for the decision in Mr. Johnson's case. The basis for the decision in Mr. Johnson's case was primarily the fact that Johnson 1 was decided on the issue of ambiguity, and it didn't have anything to do with an analysis of the VA's interpretation until such time as they made the determination that the regulation was ambiguous. When they made the determination that the regulation was ambiguous, then the Johnson 1 court looked at it through the lens of whether or not they were or were not required to give deference to the Secretary's interpretation. The Secretary was given, based upon an ultimate concurrence by Judge Mormon, a deference because he agreed ultimately that the regulation was ambiguous. When this court addressed the question of ambiguity, this court said without qualification that the regulation was not ambiguous on its face. And once it is not ambiguous on its face, it seems to me that the issue of substantial justification and all of the arguments that are attempted to be made by the government in this case fall aside. Well, that's the exact hindsight argument that you're walking into. I mean, the point they want to make is that there were a lot of judges on the Court of Appeals for Veterans Claims that ultimately found this regulation to be ambiguous. And so assuming everyone in both courts is doing the best they can to try to do an interpretation of this regulation, maybe we should take into account that there was a large number, in fact, a majority of the veteran courts and bank court that found the regulation to be ambiguous. But with respect, Your Honor, I believe that there is a significant difference at law between the question of ambiguity and the question of the substantial justification for the interpretation made that was given deference to. What was given deference to is an interpretation that directly conflicts with the plain language. It converts red to green. It cannot convert red to green because the language is unambiguous. So the interpretation relied upon by the government cannot be, as a matter of law, substantially justified because it goes directly against the plain language of the regulation. And as the Supreme Court observed in Rivers, once there is an ultimate judicial determination as to the meaning of a statute or a regulation, that's what it meant the entire time, from the 1930s to the present. And whatever interpretation they may have given was never subject to a binding general counsel's opinion and was never subject, as the majority in Mr. Johnson's case said, subject to an interpretation by the veterans court that accepted that interpretation of 3.321B1. Is this a fair assessment of your argument? It's not the case that every time the VA enacts a regulation or adopts an interpretation with the belief that the statute is ambiguous, that their determination is going to be not substantially justified if it turns out they were wrong, that it's not ambiguous. It's only if it's not ambiguous and the position they adopt is directly at odds with the plain language. That's correct, Your Honor. That the dispositive question is on the question of ambiguity. Is it dispositive or is it just one factor in the totality of the circumstances? You still always have to consider the totality of the circumstances when you're trying to figure out whether the government's position is substantially justified in an EJ act. In the context of this case, Your Honor, if this court is going to find that it has jurisdiction to address that question, then I think the correct answer as a matter of law is in all cases, not just a factor, because as Judge Moore was just describing, what we're talking about here is a regulatory process in which the Secretary creates a regulation and then gives an interpretation as it applied since the 1930s in this case. That interpretation, as ultimately determined by this court, was found to be in direct opposition to the plain meaning of the words used by the author, the author in this case being the Secretary. And as a consequence, there needs to be that hard rule so the Secretary does not get the opportunity to maintain an interpretation. This court, as I recall in Gardner, made the observation that prior to judicial review, these regulations had lasted a long time without judicial review. Right, right, but what case says that a single factor can be the only factor you have to ever look at? Well, there is no such case at this point, Your Honor. I want this case to be that case. Well, actually, I would like to see this case disposed of on jurisdictional grounds because I think, as this court has correctly observed, the question of substantial justification is the quintessential application of law to fact. If the court determines that it has regulation, then I believe that that rule is the rule that should be adopted. Unless there's further questions from the panel. Thank you, Mr. Carpenter. Governor, you have about a time. Your Honor, I'm going to respond quickly to a few points made about the question of the amount of fees. We wanted to make clear that there were also supplemental EJIA awards for time spent litigating the question of EJIA. So there are fees additional to those related to the EJIA application itself. How much are those? Excuse me, Your Honor? What's the number? I believe in one case there was an award of roughly $30,000, I believe, related to it was certainly much larger than the original EJIA award figure. As for the position that the Secretary's position was always wrong and was illogical and therefore there cannot be a substantial justification finding, the court in White found that even where a regulation was invalidated, where there hadn't been any prior adverse reaction to that regulation, the agency was substantially justified in relying on it and in taking that position. And as for the question of application of law to parents, we've explained that the Veterans Court is not merely considering the totality of the circumstances. They're also taking a position on what is precedent and what's the impact of a Veterans Court decision that the board must follow in the Butts case and in the record and the state of the law in both Butts and Johnson that showed that there had been a consistent practice over time. And in those type of cases, as we've pointed out, there's a question of the interpretation of EJIA section 2412D2, which refers to what is the record in the case? And the record in the case can include the agency action upon which the civil action is based. We believe that there's an interpretation of EJIA or legal standard applied when the Veterans Court considers what is the proper time frame, which is a question involved in what is the record, an erroneous legal standard when there is a standard applied to the undisputed facts about the fact that there was a decision outstanding in Johnson 1. As for Patrick, there's a portion of the language in Patrick, which we believe is dicta, that states that where there is a plain language also unsupported by legislative history. This shows that Patrick was not simply considering the plain language found after the agency action by a court, but also the legislative history, which would have existed at the time of the agency's action. And for that reason, we don't believe that Patrick has the weight that the plaintiffs, I'm sorry, the appellees have given it. And for these reasons, we request that the court conclude that the Veterans Court's decisions erroneously interpreted EJIA and applied an improperly erroneous legal standard. Thank you. Okay. Thank both counsel. The case is taken under submission.